Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TREVOR SIMONS, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**CHALLENGE FINANCIAL SERVICES INC., and Does 1-10, inclusive,**<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiff TREVOR SIMONS ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff bring this class action Complaint against Defendant CHALLENGE FINANCIAL SERVICES, INC. (hereinafter "Defendant") to stop Defendant's practice of failing to apply the full amount paid to it towards the auto loans it holds and for force adding insurance onto consumers accounts and to obtain redress for a nationwide class of consumers ("Class Members") who changed their positions, within the applicable statute of limitations period, as a result of Defendant's false and misleading representations.

2. Defendant is a corporation with principal place of business in California and state of incorporation in California and is engaged in the business of providing auto loans.

3. Defendant represents that it will provide auto loans pursuant to standard loan terms when this is in fact false. Defendant did not intend to provide its advertised loans to consumers, but instead intended to charge additional fees but forcibly charging consumers for insurance and failing to properly apply consumers payments. Thus, Defendant misrepresented to Plaintiff and others similarly situated consumers its loans (hereinafter "Class Services").

4. Plaintiff and others similarly situated purchased these services.

5. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase these Class Services, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. By making such misrepresentations, Defendant has violated California consumer protection statutes.

## JURISDICTION AND VENUE

6. This class action is brought pursuant to Federal Rule of Civil

Procedure 23. All claims in this matter arise exclusively under California law.

7. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased Defendant's services in Riverside County and Defendant provided its services to Plaintiff in that location. Plaintiff resides in the Central District of California and Defendant dooes business, <u>inter alia</u>, in the Central District of California.

8. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

9. In the case at bar, there are at least 100 members in the proposed Classes, the total claims of the proposed Classes members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

10. Plaintiff TREVOR SIMONS is a citizen and resident of the State of California, County of Riverside.

11. Defendant CHALLENGE FINANCIAL SERVICES INC. is a corporation company with its principle place of business located and headquartered in California. Defendant provides auto loans and servicing on those loans across multiple states.

12. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable

to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

13. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant aided and abetted the acts and omissions as alleged herein.

## PLAINTIFFS' FACTS

15. In or around 2016, Plaintiff obtain from Defendant an auto loan for a used 2008 Scion XB.

16. Pursuant to the terms of the loan, Plaintiff has made monthly payments of $300 to $500 amount, with a regular monthly balance owed of $261.76.

17. In September 2016, Defendant send Plaintiff a letter informing him that it would automatically begin charging him $70.00 for insurance on the vehicle as part of the Loan unless he provided proof of coverage.

18. Plaintiff summarily and multiply send Defendant proof of coverage for the vehicle, but Defendant still began charging Plaintiff $70.00 monthly for unnecessary and unwanted insurance, thus reducing the amount of Plaintiff's payments that went towards the balance of the loan.

19. Additionally, Defendant began to fail to credit the appropriate amount

of Plaintiff's payments towards his loans. As an example, Plaintiff made a payment of $500.00, and $500.00 was withdrawn from his bank account, but Defendant only credited him for a payment of approximately $400.00.

20. Plaintiff continued to make payments and was charged on a monthly basis for the unnecessary insurance as part of Defendant's services.

21. Defendant continued to inaccurate record the amount of the payments made by Plaintiff over a period of months.

22. Defendant made representations that it would provide to Plaintiff an auto loan, but failed to disclose that it would forcibly charge him for insurance and fail to properly credit his payments.

23. Upon learning that Defendant had no intention of providing the Services represented, Plaintiff felt ripped off and cheated by Defendant.

24. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

25. Defendant expressly represented to Plaintiff, through written and oral statements, the auto loan services that it would provide.

26. Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's services.

27. In purchasing the Class Services, Plaintiff relied upon Defendant's representations.

28. Such representations were clearly false because Defendant failed to disclose that it would forcibly charge consumers for insurance and fail to properly credit their payments, and then did exactly that.

29. Plaintiff would not have purchased and paid for the Services if they knew that the above-referenced statements made by Defendant were false.

30. Had Defendant properly marketed, advertised, and represented the

Class Services, Plaintiff would not have purchased the Services.

31. Plaintiff gave his money, attention and time to Defendant because of the Services advertised. Defendant benefited from falsely advertising its services. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

32. Had Defendant properly marketed, advertised, and represented the Class Services, no reasonable consumer who purchased or obtained the Services would have believed that Defendant would not forcibly charge them for insurance and improperly credit their payments.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

34. The First Class Plaintiff seeks to represent (the "Insurance Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased or obtained from Defendant an auto loan and was charged for insurance in the United States.

35. The Second Class Plaintiff seeks to represent (the "Payment Class," and with the Insurance Class, "the Classes") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased or obtained from Defendant an auto loan and for whom Defendant failed to apply the full amount of their payment made towards their loan in the United States.

36. As used herein, the term "Class Members" shall mean and refer to the members of the Classes described above.

37. Excluded from the Classes is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

38. Plaintiff reserves the right to amend the Classes, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

39. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

40. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

41. Rather, all claims in this matter arise from the identical, false, affirmative representations of the Class Services, when in fact, such representations were false.

42. There are common questions of law and fact as to the Classes Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Services to Plaintiff and other Class Members;

    (b) Whether Defendant made misrepresentations with respect to the Class Services sold to consumers;

    (c) Whether Defendant profited from the sale of the Class Services;

    (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*;

    (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (g) The method of calculation and extent of damages for Plaintiff

and Class Members.

43. Plaintiff is a member of the Classes he seeks to represent

44. The claims of Plaintiff is not only typical of all class members, they are identical.

45. All claims of Plaintiff and the Classes are based on the exact same legal theories.

46. Plaintiff has no interest antagonistic to, or in conflict with, the Classes.

47. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Services from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

48. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent himself and the Classes.

49. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Violation of Unfair Business Practices Act
## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)
## On Behalf Of The Classes

50. Plaintiff incorporates by reference each allegation set forth above.

51. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business

acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

52. California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

53. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

54. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Classes. Plaintiffs and members of the Classes have suffered injury in fact due to Defendant's decision to sell them falsely described Class Services, and then fail to credit the full amount of payments

made and forcibly charge Plaintiff and Classes Members for unnecessary insurance. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

55. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Services were of a certain nature, quality, and cost, in order to induce them to agree to enter into auto loans with Defendant. In fact, knowing that Class Services would only be provided with additional undisclosed charges for insurance and with Defendant failing to properly credit Class Members payments, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Classes is not outweighed by any countervailing benefits to consumers.

56. Finally, the injury suffered by Plaintiff and members of the Classes is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the Class Services, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Services to them. Defendant failed to take reasonable steps to inform Plaintiff and Class Members that the Class Services would not actually be provided as represented once purchased. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class Members to purchase Class Services. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

57. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

58. California Business & Professions Code § 17200 prohibits any

Page 9
CLASS ACTION COMPLAINT

1  "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

59. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

60. Here, not only were Plaintiff and the Class Members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Services under the basic assumption that they would receive the Services as represented, and not be charged undisclosed insurance fees and have their payments fail to be properly credited.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

61. As explained above, Defendant deceived Plaintiff and other Class Members by representing and selling the Class Services when in fact it had no intention of providing those Services as represented, and thus falsely represented the Class Services.

62. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

63. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

64. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Services in terms of quality, nature, and cost.

65. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Services, in violation of Cal. Civ. C. § 1750 et. seq.. Had Defendant not falsely advertised, marketed or misrepresented the Class Services, Plaintiff and Class Members would not have purchased the Class Services. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

66. These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*.

67. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintif and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

68. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

69. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

70. Plaintiff, on behalf of himself and the Classes, requests the following relief:

    (a) An order certifying the Classes and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Classes Counsel;

(c) An order requiring Defendant, at its own cost, to notify all Classes Members of the unlawful and deceptive conduct herein;

(d) An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misrepresented Class Services during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: September 19, 2017     Respectfully submitted,

                    LAW OFFICES OF TODD M. FRIEDMAN, PC

                    By: /s Todd. M. Friedman
                        TODD M. FRIEDMAN, ESQ.
                        Attorney for Plaintiff